**FILED**

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **KAVITA SHARMA**, | No. 08-70076 |
| Petitioner, | Agency No. A072-461-839 |
| v. | |
| **ERIC H. HOLDER, Jr., Attorney General**, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2011<sup>**</sup>
Stanford, California

Before:    **KOZINSKI**, Chief Judge, **FARRIS**, Circuit Judge, and
**GETTLEMAN**, District Judge.<sup>***</sup>

---

<sup>*</sup>    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup>    The panel unanimously concludes this case is suitable for decision without oral argument. <u>See</u> Fed. R. App. P. 34(a)(2).

<sup>**</sup>    The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Petitioner seeks review of a final order of the Board of Immigration Appeals ("BIA") denying her untimely motion to reopen exclusion proceedings. But the BIA's refusal to equitably toll the filing deadline because of petitioner's former attorney's alleged ineffective assistance was not "arbitrary, irrational, or contrary to law." Caruncho v. INS, 68 F.3d 356, 360 (9th Cir. 1995) (quoting Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir. 1994)). Petitioner would be entitled to equitable tolling only if, "despite all due diligence, [she was] unable to obtain vital information bearing on the existence of the claim." Socop-Gonzales v. INS, 272 F.3d 1176, 1193 (9th Cir. 2001) (citations and internal quotation marks omitted). Petitioner failed to demonstrate, however, that she exercised due diligence during the nearly eleven years that elapsed between the date the BIA entered its final order of removal and the date she filed her motion to reopen. See id.

The BIA was well within its discretion in finding that petitioner had not complied with Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Petitioner's motion to reopen established neither that she gave her former lawyer notice of his alleged ineffective assistance and an opportunity to respond, nor that petitioner had filed a disciplinary complaint against him, both of which Lozada requires. Id. at 639–40. Petitioner argues that the BIA should have applied Matter of Compean,

2

24 I. & N. Dec. 710 (A.G. 2009), not Lozada, but she is incorrect; the BIA denied petitioner's motion to reopen on December 11, 2007, more than a year before the Attorney General issued his decision in Compean. See id. at 741 ("[The BIA] should apply the new filing requirements only with respect to motions filed after today; with respect to motions filed prior to this opinion, they should continue to apply the Lozada factors.").

Further, because it was not "plain on the face of the administrative record" that petitioner's former attorney had rendered ineffective assistance, the BIA did not abuse its discretion in declining to relax the Lozada requirements. Castillo-Perez v. INS, 212 F.3d 518, 525 (9th Cir. 2000). Far from evincing ineffective assistance, the record indicates that petitioner's concerns about her 1996 asylum application, which she had filed under an assumed name, caused her to ignore the filing deadline.

Petitioner also argues that the BIA abused its discretion by failing to reopen her petition sua sponte, but we lack jurisdiction to review that decision. Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002).

**DENIED.**